IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CARLOS L. BUFFIN,           ) | |
|                     ) | |
|    Plaintiff,   ) | |
|                     ) | CIVIL ACTION NO. |
|    v.          ) | 2:23cv563-MHT |
|                     ) | (WO) |
| MCCLAIN TRUCKING, INC.,    ) | |
|                     ) | |
|    Defendant.   ) | |

**ORDER**

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The

---

   * In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The notice of removal fails to meet this standard. The notice gives the "residence" rather than the "citizenship" of plaintiff Carlos L. Buffin. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until November 1, 2023, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 18th day of October, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**